**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**DAVID BECSEY**
ZEIGLER COHEN & KOCH
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

FILED
May 28 2014, 9:44 am
CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JASON JOHNSON, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1310-CR-891 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable David Hooper, Commissioner
Cause No. 49G16-1112-FD-89980

**May 28, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Judge**

## Case Summary and Issue

Jason Johnson appeals his convictions for residential entry, interference with reporting a crime, and conversion. He raises one issue on appeal, which we restate as: whether there was sufficient evidence to support Johnson's convictions. Concluding sufficient evidence was presented at trial, we affirm.

## Facts and Procedural History

Johnson and Tia Hughes have seven children together. On December 24, 2011, the two had an argument, and Emily Wareham, Hughes's friend, picked up Hughes and left with her. Wareham and Hughes spent the day together, attended a party, and eventually returned to Wareham's apartment, where Hughes intended to stay the night.

At approximately three o'clock in the morning, Johnson arrived at Wareham's apartment and knocked on the door. Wareham observed Johnson through the peephole but did not respond or open the door for him. Wareham went back to bed. Shortly after, she heard noise coming from the patio and then heard the door pop open. Johnson entered the apartment through the patio door. Johnson walked into the bedroom, and Wareham began yelling at Johnson. Johnson attempted to force Hughes to leave the apartment, and Hughes told Wareham to call 911. Wareham ran to her phone and began dialing 911, but Johnson took the cell phone out of Wareham's hand and ran out of the apartment. Johnson later returned the phone to Wareham.

Johnson was charged with nine counts: Count 1, residential entry as a Class D felony; Count 2, attempted criminal confinement as a Class D felony; Count 3, domestic battery as a Class D felony; Count 4, battery of a household member as a Class D felony; Count 5, domestic battery as a Class A misdemeanor; Count 6, battery as a Class A

misdemeanor; Count 7, interference with reporting a crime as a Class A misdemeanor; Count 8, conversion as a Class A misdemeanor; and Count 9, harassment as a Class B misdemeanor. A bench trial was held at which Wareham testified Johnson did not have permission to enter her apartment or permission to take her cell phone. Johnson was found guilty of Counts 1, 7, and 8. Count 1 was reduced to a Class A misdemeanor, and Johnson was sentenced to concurrent sentences of 365 days—minus eighteen days of time served—all of which was suspended to probation.

## Discussion and Decision

### I. Standard of Review

When reviewing a claim of insufficient evidence, the appellate court will neither reweigh the evidence nor judge the credibility of the witnesses. McHenry v. State, 820 N.E.2d 124, 126 (Ind. 2005). We consider only the probative evidence and reasonable inferences supporting the verdict. Id. And we must affirm "if the probative evidence and reasonable inferences drawn from the evidence could have allowed a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt." Id. (citation omitted).

### II. Sufficiency of Evidence

Johnson presents us with two arguments contesting his convictions, both of which amount to a claim of insufficient evidence. First, he contends his convictions cannot stand because they are based on unreliable testimony given by the State's witness at trial. Second, Johnson argues that the State failed to disprove his defense that he entered Wareham's residence with consent. We address each argument below.

3

## A. Incredible Dubiosity

As mentioned above, we are not ordinarily permitted to invade the fact finder's prerogative to weigh evidence and judge witness credibility. A limited exception is made for what is known as the "incredible dubiosity" rule, which permits the reversal of a defendant's conviction if a lone witness gives inherently improbable testimony and there is a complete lack of circumstantial evidence. Love v. State, 761 N.E.2d 806, 810 (Ind. 2002). Application of the rule is "appropriate only where the court has confronted inherently improbable testimony or coerced, equivocal, wholly uncorroborated testimony of incredible dubiosity." Id. The rule is to be used sparingly and only when the testimony in question is "so incredibly dubious or inherently improbable that no reasonable person could believe it." Id.

We do not agree with Johnson's contention that the incredible dubiosity rule is applicable to the present case. Wareham was the State's sole witness against Johnson, but her testimony was not incredibly dubious. She testified that Johnson entered her apartment without permission, took her phone while she was attempting to call 911, and ran away. Johnson does not demonstrate that Wareham's testimony is in any way equivocal, inherently contradictory, or patently unbelievable. Rather, Johnson merely provides argument that Wareham was a biased witness and implies that her memory of the events is unreliable. In sum, Johnson has failed to show that Wareham's testimony was incredibly dubious.

B.  Consent to Enter Residence

Second, Johnson argues the State failed to meet its burden of proving Johnson was guilty of residential entry.  Specifically, Johnson claims the State failed to disprove his defense of consent to enter the residence.

Lack of consent is not an element to the crime of residential entry.  See Ind. Code § 35-43-2-1.5.  Rather, the defendant must raise consent as a defense, and the State then has the burden of disproving the defense beyond a reasonable doubt.  Holman v. State, 816 N.E.2d 78, 81 (Ind. Ct. App. 2004), trans. denied.

Johnson relies on testimony given by Hughes that she opened the apartment door and allowed Johnson to enter.[1]  This testimony, of course, contradicts testimony given by Wareham that the trial court apparently credited.  Wareham testified that Johnson broke into the apartment through the patio door and that he did not have consent to enter her apartment.  Johnson's argument is merely a request that we reweigh the evidence and credit Hughes's version of events rather than Wareham's.  Our standard of review does not permit this.  We conclude the State offered sufficient evidence to disprove Johnson's defense of consent beyond a reasonable doubt.

## Conclusion

Concluding the State presented sufficient evidence to sustain Johnson's convictions for residential entry, interference with reporting a crime, and conversion, we affirm.

Affirmed.

RILEY, J., and BRADFORD, J., concur.

---

[1] Hughes testified as a witness for the defense.

5